Dear Judge Cascio and Judge Grefer:
You jointly requested the opinion of this office concerning whether the Louisiana Local Government Budget Act, La.R.S. 39:1301, et seq. (the "Act"), applies to the Second Parish Court's judicial expense account (the "Account" or the "Fund"). Your specific question is whether the Account is a "special revenue fund" as referred to in La.R.S. 39:1311(B).
The Act pertains to the preparation, amendment and control of budgets. The legislative intent of the Act is set forth in La.R.S. 39:1303 which provides that the Act applies to all political subdivisions of the state with a general fund or a special revenue fund. "Political subdivision" is defined in La.R.S. 39:1302(1)(k) to include
 "Independently elected parish offices, including the office of assessor, clerk of district court, coroner, district attorney, sheriff, and judges, but only insofar as their judicial expense funds, as provided for in Title 13 of the Louisiana Revised Statutes of 1950." (Emphasis added)
Accordingly, the Act applies to the Judicial Expense Fund for the Second Parish Court of Jefferson Parish.
La.R.S. 39:1311 pertains to budgetary authority and control. La.R.S.39:1311(A) provides that the adopted budget forms the framework to monitor revenues and control expenditures. There is a requirement for the chief executive to notify the governing authority when certain situations occur, such as total revenues failing to meet estimated revenues by five percent or more, total expenditures exceeding estimated expenditures by five percent or more and actual beginning fund balance failing to meet estimated beginning fund balance by five percent or more. La.R.S. 39:1311(B) states in pertinent part:
 B. The written notification as required by this Section as well as any responsive action taken by the governing authority or independently elected official shall be transmitted to and retained by the chief executive or administrative officer. The written notification as required by this Section and the resulting budget amendment shall only be statutorily required for a special revenue fund with anticipated expenditures that equal or exceed two hundred fifty thousand dollars. Furthermore, only the written notification of Paragraph A(2) of this Section shall be required for special revenue funds whose revenues are expenditure driven. (Emphasis added)
General rules of statutory interpretation include the following provisions of our Civil Code and Revised Statutes:
 C. C. art. 11: "The words of a law must be given their generally prevailing meaning. . ."
 La.R.S. 1:3: "Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning. . ."
Governmental accounting is based on principles established by the Governmental Accounting Standards Board ("GASB"). The standards set by GASB apply to state and local governments. The accounting systems of governmental organizations operate on a fund basis. A fund is a fiscal and accounting entity with a self-balancing set of accounts recording cash and other financial resources, together with all related liabilities and residual equities or balances and changes therein, which are segregated for the purpose of carrying on specific activities or attaining certain objectives in accordance with special regulations, restrictions, or limitations. There are three categories of funds: government funds, proprietary funds, and fiduciary funds. Government fund types include the general fund and special revenue funds. The general fund accounts for most of the basic services provided by a governmental unit. The general fund is responsible for all resources not found in some other fund and accounts for all the assets and resources that finance the general operations of the governmental unit. Special revenue funds account for restricted sums that are intended for specific purposes. Each special revenue funds is financed by a tax or other source of revenue that is reserved for the purpose of the fund. GAAP prescribe that a government report only one general fund. If a separate legal entity's data are blended with hose of the government, the general fund of the separate legal entity should be reclassified as a special revenue fund.[1]
The Judicial Expense Fund for the Second Parish Court of Jefferson Parish is created in La.R.S. 13:2562.22, which provides in pertinent part as follows:
 A. In all criminal cases over which the First and Second Parish Courts of Jefferson Parish have jurisdiction, there shall be taxed as costs against every defendant who is convicted after trial or after plea of guilty or who forfeits his bond, a sum
likewise determined but which shall not exceed fifteen dollars, which shall be in addition to all other fines, costs, or forfeitures lawfully imposed, and which shall be transmitted to the said clerk for further disposition in accordance herewith.
 B. All sums collected or received under this Section shall be placed in a separate account, to be designated as the Judicial Expense Fund for the First and Second Parish Courts of Jefferson Parish. The judges, en banc, of the courts shall have control over the fund and all disbursements made therefrom. . .
 C. The judges, en banc, of the First and Second Parish Courts of Jefferson Parish may, in addition to salaries otherwise provided, authorized, or established by law, fix and pay each of their court reporters a salary from the judicial expense fund. The judges, en banc, may appoint such secretarial, clerical, research, administrative, or other personnel as they deem necessary to expedite the business and functions of the court, and fix and pay all or any part of the salaries of such personnel out of the monies in the judicial expense fund. In like manner, the judges, en banc, may utilize the monies in the judicial expense fund to pay all or any part of the cost of establishing and/or maintaining a law library for the court, or implementing and operating a traffic case management and accident reporting system, or for buying and/or maintaining any type of equipment, supplies, or other items consistent with or germane to the efficient operation of the court. In general, the judicial expense fund is established and may be used for any purpose or purposes connected with, incidental to, or related to the proper administration or function of the said court or the offices of the individual judges; and, is in addition to any and all other funds, salaries, expenses, and other monies that are now or hereafter provided, authorized, or established by law for any of the aforesaid purposes.
 D. No salary shall be paid from the judicial expense fund for the parish courts to any of the judges of the courts except as may be paid for administering the said fund, and then only after prior legislative approval. (Emphasis added)
Certain other monies collected by the Court are to be deposited with the Parish of Jefferson for certain designated purposes. See, La.R.S.13:2562.23 where the funds are to be used for the establishment, maintenance, and general operating expenses of an automatic case reporting system.
We obtained a copy of the 2002 audit for the Second Parish Court Judicial Expense Fund. On the "Combined Balance Sheet — All Fund Types and Account Groups" there is a column "Governmental Fund Type" under which is printed "General Fund". There is no mention of any other type of fund. The notes also state that the "General Fund of the Judicial Expense Fund is classified as a `Governmental Fund'"[2].
Based upon the foregoing, it appears that the Judicial Expense Fund for the Second Parish Court of Jefferson is a general fund and not a special revenue fund for purposes of La.R.S. 39:1311(B).
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RECEIVED:
DATE RELEASED: October 14, 2003
[1] See, Governmental Accounting and Financial Reporting Standards(Statement 34 Edition); Governmental Accounting, Auditing, and FinancialReporting [Using the GASB 34 Model], Stephen J. Gautheir, Government Finance Officers Association.
[2] See, Note A — Summary of Significant Accounting Policies, #2 Fund Accounting.